# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| DARRELL W. BUMPAS,        ) | |
|                     ) | |
|    **Plaintiff,**         ) | |
| **v.**                    ) | **No. 3:07-0766** |
|                     ) | **JUDGE ECHOLS** |
| **METROPOLITAN GOVERNMENT OF**  ) | |
| **NASHVILLE AND DAVIDSON**     ) | |
| **COUNTY, et al.,**           ) | |
|                     ) | |
|    **Defendants.**       ) | |

## <u>ORDER</u>

Defendants Metropolitan Government, Ernie Wilson, and Michael Ryan filed a Motion For Judgment On The Pleadings (Docket Entry No. 143), to which Plaintiff Darrell Bumpas, acting *pro se*, filed two responses in opposition (Docket Entry Nos. 164 & 166). Plaintiff also filed a Motion For Summary Judgment (Docket Entry No. 121), but in his responses to Defendants' motion for judgment on the pleadings, Plaintiff requests that the Court deny his motion for summary judgment as moot and proceed to trial. For the reasons stated below, the Court determines that Defendants' motion for judgment on the pleadings will be granted and the case will be dismissed. All other pending motions and a Report and Recommendation issued by the Magistrate Judge are thereby rendered moot.

In the Amended Complaint (Docket Entry No. 48), Plaintiff alleged that, on July 15, 2006, at approximately 11:00 p.m., he was walking alongside a bicycle on a street in Nashville, Tennessee, when a Metropolitan police officer, Michael Ryan, approached him slowly in a squad car and began asking numerous questions about the bicycle and how Plaintiff obtained it. At first Plaintiff answered Officer Ryan's questions nicely and appropriately, but when the questions continued and

1

took on a stronger tone, Plaintiff asked Officer Ryan why he was harassing him. Officer Ryan jumped out of the police car and ran toward Plaintiff. This startled Plaintiff greatly and scared him. Officer Ryan took the bicycle from Plaintiff, who kept walking because he was not told to stop.

A short time later the same officer pulled up in front of Plaintiff, jumped out of the police car, and ran quickly toward Plaintiff without saying a word. Plaintiff ran until he ended up inside an abandoned apartment, where he tried to calm down. When Plaintiff looked out the living room window, he saw Officer Ryan looking at him, so Plaintiff ran out the front door and realized he was being chased by three police officers. Plaintiff slipped and fell, and one of the officers ordered him to stay on the ground, so Plaintiff remained face down on his belly. Officer Ryan got on Plaintiff's back and handcuffed Plaintiff's hands behind his back so tight that the cuffs hurt. Although Plaintiff complained that the cuffs were too tight, Officer Ryan did not loosen them. The officers did not say anything to Plaintiff and did not read him his rights.

Fifteen to twenty seconds later, Officer Ryan used foul language to tell Plaintiff to shut up and sprayed him with mace on the right side of his face. Plaintiff had difficulty breathing because of the mace and Officer Ryan on his back. Plaintiff turned his head left to try to breathe, but Officer Ernie Wilson pressed Plaintiff's head down to the ground with his boot and sprayed Plaintiff with mace again. Plaintiff alleged he was punched in the face several times and was hit in the mouth and face with a very hard object, while the officers continued to tell him to shut up.

Plaintiff was picked up off the ground and placed in a police car. Plaintiff admits that, while in the police car, he spit on one of the police officers. Plaintiff was taken downtown, where he was referred to the hospital for medical treatment, and then booked into jail on charges of aggravated criminal trespass, resisting arrest and evading arrest. Plaintiff later pled guilty and served time on

2

the trespass and evading arrest charges, and the resisting arrest charge was dismissed. (Docket Entry No. 48 at 18.) This civil rights action under 42 U.S.C. § 1983 followed.

The standard that applies to a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that applicable to a motion to dismiss under Rule 12(b)(6). Jelovsek v. Bredesen, 545 F.3d 431, 434 (6th Cir. 2008). The Court must accept as true the allegations made in the Amended Complaint and construe the allegations in the Plaintiffs' favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). The Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, — U.S. —, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id. at 944; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

Defendants correctly contend that Plaintiff's Fourth Amendment claim for excessive force is barred by his guilty plea to the charge of evading arrest. "[U]nder Tennessee law, an officer's excessive use of force is a defense to a charge of resisting or evading arrest; thus, a guilty plea and resultant conviction of such a charge necessarily includes a finding that the officer did not use excessive force." Roberts v. Anderson, 213 Fed. Appx. 420, 427 (6th Cir. 2007). See also Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Plaintiff contends at page 22 of his second response in opposition to the motion for judgment on the pleadings that he was coerced to plead guilty, but he

3

has not produced any evidence to support this allegation. Moreover, there is no evidence that Plaintiff attempted, or was successful, in having his convictions for aggravated criminal trespass and evading arrest set aside due to an invalid guilty plea. All of Plaintiff's other arguments and materials are not relevant to the discrete legal issue that determines the outcome of the case.

Plaintiff's Fourth Amendment illegal seizure claim fails as a result of Plaintiff's guilty plea to the crimes of aggravated criminal trespass and evading arrest. Plaintiff's guilty plea to the charges established that the police officers had probable cause to detain and arrest him and no illegal seizure occurred. See Walker v. Schaeffer, 854 F.2d 138, 142-143 (6th Cir. 1988); Hemphill v. Haglund, 45 Fed.Appx. 519, 520 (6th Cir. 2002).

Plaintiff's Eighth Amendment cruel and unusual punishment claim fails because Plaintiff admitted in his Amended Complaint that he was a free person walking on the streets of Nashville at the time the incident occurred, and the Eighth Amendment applies only to those persons who are incarcerated. Graham v. Connor, 490 U.S. 386, 398 (1989). Plaintiff's Fourteenth Amendment due process claim lacks merit because the Supreme Court has directed that claims of illegal search and seizure should be analyzed only under the Fourth Amendment. Id. at 395.

Finally, Plaintiff's municipal liability claim against the Metropolitan Government fails because Plaintiff has not alleged any facts to show that the municipality should be held liable for failure to train and supervise its police officers. See Monell v. Department of Social Servs., 436 U.S. 658, 690-691 (1978). At best, Plaintiff made only general and conclusory legal allegations in his attempt to assert municipal liability in the Amended Complaint. Under Twombly and Iqbal, legal conclusions are insufficient. Specific facts showing a plausible right to relief are required. Plaintiff has not met this standard.

4

In light of the Court's rulings on these issues, the Court need not address Defendants' argument that they are entitled to qualified immunity.  Accordingly,

(1) Defendants' Motion For Judgment On The Pleadings (Docket Entry No. 143) is hereby GRANTED.  This case is hereby DISMISSED WITH PREJUDICE.

(2) All other pending motions (Docket Entry Nos. 108, 121, 122, 139, & 154) are hereby DENIED AS MOOT, and the pending Report and Recommendation is not adopted because it, too, is moot.  (Docket Entry No. 128).

(3) Entry of this Order on the docket shall constitute entry of final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE