UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARRELL W. BUMPAS,          )
                            )
    Plaintiff,              )
                            )
    v.                      )   NO. 3:07-0766
                            )   Judge Haynes/Bryant
METROPOLITAN GOVERNMENT OF  )   **Jury Demand**
NASHVILLE, et al.,          )
                            )
    Defendants.             )

TO: The Honorable William J. Haynes, Jr.

### REPORT AND RECOMMENDATION

Plaintiff Darrell Bumpas, a prisoner proceeding pro se and in forma pauperis, has filed his motion for leave to amend his complaint (Docket Entry No. 215). Defendants Michael Ryan and Ernie Wilson have filed a response in opposition (Docket Entry No. 218).

For the reasons stated below, the undersigned Magistrate Judge **recommends** that plaintiff's motion for leave to amend his complaint should be **denied**.

### Statement of the Case

Plaintiff Bumpas on July 26, 2007, filed his original complaint pursuant to 42 U.S.C. § 1983, alleging that defendants Ryan and Wilson, employed as police officers with the Metropolitan Nashville Police Department, violated plaintiff's Fourth Amendment rights by employing excessive force during their arrest of plaintiff on July 16, 2006. On November 19, 2008, plaintiff filed a lengthy amended complaint including additional factual detail and legal claims against the defendant officers arising out of his July 2006 arrest (Docket Entry No. 48).

By his current motion, plaintiff seeks once again to amend his complaint to add 17 new defendants, none of whom were involved in any way in his July 2006 arrest. The claims against these new defendants appear to be based upon plaintiff's later arrest on August 25, 2006, for a parole violation and the events that followed that arrest. Although the proposed amended complaint fails to contain dates for many of the factual allegations, a reasonable inference suggests that the events alleged occurred much earlier than one year prior to the filing of plaintiff's motion for leave to amend on August 11, 2011.

## Analysis

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint should be freely given "when justice so requires." Despite this liberal standard, the undersigned Magistrate Judge finds that the new allegations in plaintiff's proposed amended complaint (Docket Entry No. 215-1) seek to assert new, unrelated claims and do not amount to an amendment of the current action. As grounds for this finding, the undersigned Magistrate Judge notes that 17 of the defendants in the proposed amended complaint have never been named in this case previously, and the factual allegations giving rise to the claims against them are wholly unrelated to the July 16, 2006, arrest that gave rise to the filing of this action.

Moreover, the undersigned Magistrate Judge finds that the allegations against these new defendants would not satisfy the requirements for relation back contained in Rule 15(c) of the Federal Rules of Civil Procedure and, therefore, the claims against

2

these new defendants are almost certainly barred by the one-year's statute of limitations applicable to § 1983 claims and personal injury claims, and are therefore futile.

For these reasons, the undersigned Magistrate Judge finds that plaintiff's motion to amend his complaint (Docket Entry No. 215) should be denied.

### RECOMMENDATION

For the reasons stated above in this report, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's motion for leave to amend his complaint should be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of September 2011.

> s/ John S. Bryant
> JOHN S. BRYANT
> United States Magistrate Judge