IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| DARRELL W. BUMPAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-0766 |
| | ) | |
| MICHAEL RYAN, et al. | ) | Judge Haynes |
| | ) | Magistrate Judge Bryant |
| Defendants. | ) | |

MOTION *IN LIMINE* NO. 1 TO EXCLUDE LAY OPINION TESTIMONY REGARDING PLAINTIFF'S MEDICAL CONDITION AND MEMORANDUM IN SUPPORT[1]

Defendants Michael Ryan and Ernie Wilson anticipate that Plaintiff Darrell Bumpas ("Plaintiff") will attempt to introduce lay opinion testimony about (1) his medical condition, and (2) the cause of his medical condition. The Court should preemptively exclude any such testimony under Fed. R. Civ. P. 701, however, because both of these issues are within the realm of expert witnesses.

By way of background, Federal Rule of Evidence 701 provides that "[i]f the witness is not testifying as an expert, the witness's testimony in the form of opinions is limited to those opinions or inferences which are . . . ***not based on scientific, technical, or other specialized knowledge*** within the scope of Rule 702." *Id.* (emphasis added). Conversely, Rule 702 governs the admissibility of expert testimony and provides that if scientific, technical, or other specialized knowledge is necessary, "a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion."

---

[1] Due to the brief and straightforward nature of this motion, the motion and memorandum are combined in one document for the Court's convenience.

---

Handwritten annotations (margin):

ORDER

The motion is DENIED as to testimony about Plaintiff's general medical condition before and after the incident. Collins v. Kibort, 143 F.3d 331, 336-37 (7th Cir. 1998); Gage v. Metropolitan Water Reclamation Dist., 365 F.Supp.2d 919, 929 (N.D. Ill. 2005)

[signature]
6-10-13